38,160-05

IN THE TEXAS COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

Ex Parte Sam Jones          §

Applicant                   §

v                           §          Writ No. WR-14842-H(B)

State Of Texas              §

§

RECEIVED IN
COURT OF CRIMINAL APPEALS
NOV 12 2015
Abel Acosta, Clerk

APPLICANT'S OBJECTIONS TO THE CONVICTING

COURT'S FINDING OF FACTS AND CONCLUSION

OF LAW:

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Ex Parte Sam Jones, a pro-se Applicant pursuant to Rule 73.4(2) Tex. R. App. P. which states; "when finding of facts and conclusion of law are made...A party has ten days from the date he receives the findings to file objections." From the ouyset Applicant must point out the fact that due to the trial/habeas judge bias towards him the judge hindered his ability to timely file this objection. It should be noted that Judge Burns signed the Order on October 15th 2015 however, it wasn't mailed and post-mark stamped until October 27th [12 days later]. Applicant didn't receive the Order from his unit mailroom until November 2nd. [18 days after the date that the Order was signed].

I

**Non-Compliance With The 50-Page Memorandum Rule:**

Rule 73.1(d) Tex. R. App. P. states (pertinent part) "Applicant or petitioner may file a separate memorandum. If the total number of pages, including those in the original and any additional memoranda, exceed the word or page limit, an application may be dismissed unless the convicting court for good cause shown grants leave to exceed the prescribed limit." Applicant will show herein his objections the following: (1) That his memorandum of law is "50-Pages" in lenght; or (2) That he should be allowed to amend his memorandum to reduce the page lenght; (3) That pursuant to rule 73.1(d) applicant has repeatedly filed several motions to exceed the page limit that the convicting court judge has neither granted

1

or denied nor even acknowledged receiving; **(4)** That he is a pro-se applicant who is truly trying to comply with the court's rules.

**A.**

Applicant contends herein that his memorandum of law is in fact in compliance with rule 73.1(d) being that: **(1)** The memorandum of law is **"50-pages"** in lenght exclusive of appendices, cover page, procedural history, table of content, table of authorities, exhibits, list of exhibits, statement of facts relevant to the issues presented for review, statement of facts, grounds presented for review, and prayer & verification. If applicant's memorandum does exceed the page limit its only due to him erroneously including the said sections/pages as part of the **"exclusive pages"** which applicant erroneously thought didn't count towards the 50-page limit. Such sections/pages are a total of 12 **pages** marked as roman numeral **ii-iv** and **vii-xv** the memorandum itself is numbered 1-50. If such sections/pages are not part of the exclusive pages then those 12 pages makes the memorandum a total of 62 **pages NOT** 67 **pages** as the state alleged and the convicting court concluded.

**B.**

Applicant is a pro-se litigant whom is truly trying to comply with the court's rules. He included the said sections/pages outlined above in his memorandum thinking: **(1)** That those sections/pages were exclusive of the page count; and **(2)** That he was doing the court a service by including those sections/pages in the memorandum to help the court better navigate through a not always well articulated pro-se pleadings.

**C.**

Applicant has filed several motions in the convicting court to exceed the 50-page limit memorandum showing the court **"good cause" to grant him leave** to exceed the page limit. However, the convicting court has neither granted or denied nor even acknowledged applicant's motions.

2

## Non-Compliance With Using The Prescribed Forms:

Rule 73.1(a) states an application filed under article 11.07 must be on the form prescribed by the Court Of Criminal Appeals. Tex.R.App.P. 73.1(a). The prescribed form itself provides that each ground for relief must be presented on the form and that if an application has more than four grounds he may copy pages 14 and 15 of the form as many times as needed to create separate pages for each additional ground. The form further states that if an applicant's ground have not been presented on the form, the Court will not consider the applicant's ground.

A.

Prior to Applicant filing his 11.07 application in the convicting court he repeatedly wrote the Dallas district court clerk as well as wrote his unit law library requesting copies of pages 14 and 15 of the pre-scribed form but to no avail. Applicant's unit law library does in fact provide these forms to inmates but simply refused to provide the requested form to him and instructed him to "use his own plain unlined paper." This prompted applicant to file a grievance stating in his grievance that the court would not accept his claim if not presented on the re-quested prescribed form but nevertheless, he was still refused the pre-scribed form. [see exhibit "A" attached]to his Response to the State's Answer

B.

In one of Applicant's several requests to the district clerk the clerk misunderstood applicant's request for "blank" copies of pages 14 and 15 of the prescribed form and erroneously sent applicant multiple copies of pages 14 and 15 of his previously filed 11.07 application. Applicant then sent the clerk's office two additional requests, one request also informed the clerk that he had misunderstood applicant's previous request and erroneously sent him multiple copies of pages 14 and 15 of his pre-viously filed 11.07 applic ation. Applicant's other request was stamped

3

file dated on September 2, 2015 and mailed back to him stating that he would receive the requested forms.[see exhibit "B"].[1] However, applicant never did receive the requested forms thus he had no other choice but to use plain unlined paper for his **final ground out of "twenty-one."** Furthermore, rule 73.1(a) states that "if an applicant's ground have not been presented on the form, the Court will not consider the applicant's ground." Meaning that the Court will not consider that particular ground(s) that's not presented on the prescribed form, not disregard the other ground(s) that were properly presented. The convicting court's flawed finding, conclusion of law and recommendation allows the state [i.e. law library] to refuse to provide applicant with the prescribed form and the court [i.e. district clerk] to neglect to provide applicant with the prescribed forms then allows the state to benefit by such refusal by the court' finding that applicant's 11.07 application is non-compliance with rule 73.1(a) due to him using plain unlined paper to present his final ground.

## CONCLUSION:

Applicant's 11.07 Writ Of Heabes Corpus application should be **"reinstated"** and allowed to preceed further in this court or in the alternative applicant should be allowed to freely amend his application and memorandum by one of the following ways: (1) Applicant request that the court on its own accord will subtract, or delete, or nullify, or trash the said sections/ pages in his memorandum outlined herein **section I paragraph A** of this objection; Or (2) Applicant request to amend his memorandum by deleting the said sections/pages from his memorandum (3) Applicant request to amend his application to submit it and an additional ground on the Court's pre- scribed form therefore, he request that the court will instruct the clerk to mail him two copies each of pages 14 and 15 of the prescribed form; Or (4) Allow him to withdraw his application and memorandum to correct the errors

---

[1] Note that at the bottom of applicant's stamped file dated letter to the court clerk either the clerk or judge wrote "writ pending 8-13-15" however, applicant's writ wasn's filed and filed dated until 9-14-15.

4

## PRAYER"

WHEREFORE, PREMISE CONSIDERED, Applicant respectfully prays that this Honorable Court will "SUSTAIN" this objection and reinstate applicant's dismissed 11.07 application. Or in the alternative for the court on its own accord to delete, or subtract, or nullify, or trash the sections/pages of his memorandum that are not part of the exclusive pages. Or in the alternative allow applicant to amend his application and memorandum. Or in the alternative allow applicant to withdraw his pleadings to correct the errors.

## VERIFICATION:

I, Sam Jones being the Applicant in this Objection declar that the facts stated herein are true and correct. By my signature below I certify under penalty of perjury that the foregoing is true and correct and that a copy of this objection was mailed to The Court Of Criminal Appeals and to the convicting court and to Dallas District Attoreny Susan Hwak by placing such in the Wynne Unit U.S. mail box on this the 2nd day of November 2015. Executed at Walker County, Huntsville, Texas.

Sam L Jones

Ex Parte Sam Jones
Applicant/Petitioner

5